# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **RUSSEL W. PENNINGTON** | **CIVIL ACTION NO. 06-1531** |
| | **SECTION P** |
| **VS.** | |
| **TONY MANCUSO, ET AL.** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is Russel Pennington's *pro se* civil rights complaint (42 U.S.C. § 1983) filed on September 1, 2006. Plaintiff is a prisoner in the custody of the Louisiana Department of Corrections, and is currently incarcerated at the Calcasieu Correctional Center (CCC), in Lake Charles, Louisiana. Plaintiff names as defendants Calcasieu Parish Sheriff's Office[1] (and its insurers), Calcasieu Parish Sheriff Tony Mancuso[2], and Calcasieu Parish School Board (and its

---

[1] Plaintiff has improperly named the Calcasieu Parish Sheriff's Office as a defendant. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the Sheriff's Department has the capacity to sue or be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a juridical person. This term is defined by the Louisiana civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. Art. 24. In Louisiana, however, Parish Sheriff's Offices are not legal entities capable of suing or being sued. See, *Cozzo v. Tangipahoa Parish Council-President*, 279 F.3d 273, 283 (5th Cir. 2002); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1998); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D.La. 2001); *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So. 2d 236 (La. App.3d Cir.), writ refused, 352 So. 2d 235 (La. 1977); *Newton v. Tangipahoa Parish Sheriff's Office, et al.,* 2004 WL 963790 (E.D.La. May 5, 2004). Thus, the claims against the Sheriff's Department lack an arguable basis in law and are recommended dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and 1915A(b)(1).

[2] It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. See, *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Plaintiff has made no such allegations.

insurers). As relief, plaintiff seeks compensatory damages for the pain and suffering resulting from an automobile accident; evaluation by outside medical personnel and payment of medical bills relative to the accident; and, the establishment of guidelines to handle incidents such as the accident in question. [Doc. 7, p. 6].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

## STATEMENT OF THE CASE

In his original complaint, plaintiff alleged in general terms that he was injured while being transported in a bus supplied by Calcasieu Parish School Board and that he had been denied medical attention while at CCC. Given the lack of specific information in his original complaint to support his allegations that his constitutional rights had been violated, this court issued a memorandum order [Doc. 3], directing plaintiff to amend his complaint. The memorandum order advised him that, without more, the conclusory allegations in his complaint failed to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure which, although it does not require explicit detail, it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. Plaintiff was also advised that he did not allege that the supervisory official named as defendant (in this case, Sheriff Mancuso) was personally involved in the act causing the alleged constitutional deprivations, or that he implemented a policy so deficient that the policy itself acts as a deprivation. Plaintiff was advised that without alleging personal involvement or policy implementation, the statements in his complaint as to this defendant were insufficient to hold the defendant liable under §1983. Further, plaintiff was informed that his complaint failed to

set forth a cause of action for denial of medical care, and that allegations of negligent conduct cannot serve as the basis for a §1983 claim.

On April 30, 2007, plaintiff filed a response [Doc. 7] to the court's memorandum order. The amended complaint provided the court with some, but in no means all, of the information requested in the memorandum order.  Nevertheless, combining the information from both of plaintiff's complaints gives the court the following details on the allegations made herein.

On September 23, 2005, plaintiff and other inmates were evacuated from CCC due to the threat of Hurricane Rita.  Plaintiff states that the inmates were transported from CCC to Ouachita Correctional Center (OCC) in a bus supplied by Calcasieu Parish School Board but driven by Calcasieu Parish Sheriff's Deputy Robinson.  While in route to OCC, the bus was involved in an accident.  Plaintiff contends that Deputy Robinson had at least two prior accidents while transporting inmates to and from court. Following the accident, plaintiff was transferred to another bus and brought to OCC.  He claims that his neck was injured in the accident and that his elbows were bruised.  The day after the accident, plaintiff was seen by OCC medical staff. During the exam he could not touch his toes or stand on one leg.  He was then given medication for pain and muscle spasms.  He was transferred back to CCC approximately two weeks after the accident.  Despite putting in two or three sick call requests at CCC, he claims that CCC never treated the injuries that he sustained in the accident. Plaintiff also maintains that he still suffers from these injuries.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service

of process, if it is frivolous,[3] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss as frivolous a prisoner suit on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under §1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

As previously discussed, plaintiff was specifically advised that his original complaint was deficient and was ordered to amend that complaint to state a viable claim. Despite the information supplied in his amended complaint, it nevertheless failed to cure most of the noted deficiencies. Thus, accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated

---

[3] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## Inadequate Medical Care

Plaintiff's claims of delayed, denied, or inadequate medical care are without merit. Medical care claims asserted by prisoners are analyzed under the Eighth Amendment. In order to succeed on a medical care claim such as plaintiff's herein, he must establish the defendants, in each instance, were "deliberately indifferent" to his serious medical condition. This standard encompasses allegations that the named officials knew of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It is only this deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Gregg v. Georgia*, 96 S.Ct. 2909 (1976); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997). Negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action . In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* A plaintiff's disagreement with the course of treatment offered by the medical staff does not establish that a constitutional violation has occurred. *See Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Merely alleging a prison doctor should have undertaken additional

diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

In the instant case, plaintiff's allegations, at most, state a disagreement amongst himself and the medical care providers regarding the procedures to treat his medical problems. As previously stated, such claims are insufficient to establish that a constitutional violation has occurred. Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### Negligence Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[4] The deprivation must be intentional, as **negligent conduct** cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986)). In the present case, plaintiff clearly alleges that it was the negligence of the bus driver that resulted in the accident that caused his alleged injury. Claims to recover damages resulting from the alleged negligence of defendants are not cognizable under §1983. Such claims are redressed under the general tort provisions of Louisiana law as negligence claims  See, Louisiana Civil Code Article 2315. *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995): see also, *Hudson v. Palmer*, 104 S.Ct.

---

[4] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

3194 (1984); *Parratt v. Taylor*, 101 S.Ct. 1908, 1913-17 (1981); *Daniels v. Williams*, 106 S.Ct. 662, 664 (1986).  Thus, plaintiff's claims in regard to the bus accident fail to state a claim for which relief may be granted and those claims should be dismissed.

Accordingly, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 18, 2007.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE